EDWIN J. TETLOW, *Admr.*, *vs.* RALPH B. TAYLOR, *Tr.*, *et al.*

JUNE 21, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

364

RATHBUN, J. This bill for the construction of the will of Silas B. Whitford was certified to this court in accordance with the provisions of Section 35, Chapter 339, G. L. 1923.

Silas B. Whitford died December 10, 1887, leaving a will which was executed August 27, 1887, and probated January 3, 1888. The portion of the will concerning which question has arisen is the fourth clause by which the testator gave his residuary estate to a trustee upon trust as follows: "The net income of my said estate shall be equally divided among said William E. Whitford, Frank P. Whitford and Fred P. Whitford, one third part to each, and I direct my said trustee to pay the same to them at least once in every three months for and during their natural lives, and upon the death of either of them said trustee is hereby directed to pay the share of the income of such son or grandson to the widow and children, if any, of such deceased child or grandchild for and during the natural life of such widow, but upon her remarriage she shall forfeit said income and the same shall be applied to the use of said children of said deceased son or grandson until such children shall attain their majority when they shall receive their fathers' share of the property in the hands of said trustee, but if there shall be no widow or child or children surviving such deceased son or grandson then said shares of such deceased son or grandson shall fall into the estate and the income shall go to the survivors, or survivor, and their widows and children, if any, as hereinbefore provided. And upon the decease of all three of said beneficiaries, said William E., Frank P., and Fred P., leaving no widows or lawful issue or their descendants then surviving, I direct my said trustee to convert my entire estate into money and to pay over, deliver and dispose of the same" to four charitable institutions.

The heirs mentioned in the fourth clause survived the testator by many years. William and Frank were sons of

the testator and Fred was a grandson, the son of testator's daughter, Sarah, who had died before the will was executed. For many years the net income of the trust estate was paid in equal shares to these three heirs. Frank Whitford died January 17, 1911, leaving a wife, Marion A. Whitford, and a daughter, Marion E. Whitford, who died in 1918, intestate, leaving no issue and survived by her mother. After the death of Frank Whitford the income from the estate of Silas Whitford was paid in equal shares to William, Fred and Marion A., widow of Frank Whitford. William Whitford died in 1926, leaving neither wife nor issue. Thereafter, the income was paid in equal shares to Fred and Marion A. Whitford. Marion A. Whitford did not remarry. She died February 17, 1930, leaving a will in which her niece Belle L. Lyons, was named as executrix and sole beneficiary. Fred Whitford is still living. He has one child, whom he adopted in 1926, and a wife, Elizabeth, whom he married in 1932.

The administrator of the estate of Marion E. Whitford, granddaughter of the testator contends: (1) that there was by implication a bequest to her of a one-third interest and that by said implied bequest she took a vested interest; or (2) that if she did not take a vested interest there was an intestacy as to Frank's share after the death of his widow.

In construing a will, "it is the duty of the court to ascertain and give effect to the intention of the testator as expressed in his will, if not contrary to established principles of law. This intention is to be ascertained by looking to the language of the whole will and the circumstances surrounding the testator." *City Bank Farmers Trust Co.* v. *Taylor*, 53 R. I. at 129.

It should first be noted that the testator did not divide his estate into three trusts and that it appears to have been his intention to keep the *corpus* of his estate intact until there was a living person entitled to receive a share of the principal. If the granddaughter took by an implied gift a vested remainder, we think it was subject to being divested

by her failure to survive the preceding life estate. The testator's intention is disclosed by the following clause: "Upon the decease of all three of said beneficiaries, said William E., Frank P. and Fred P., leaving no widows or lawful issue or their descendants *then surviving,* I direct my said trustee to convert my entire estate into money and to pay over . . ." "Then" refers to the time of death of the three original beneficiaries. The words "then surviving" indicate that the testator was looking forward to the time when his estate would go to charities in the event that his "blood" became extinct; and that it was his intention, if no person survived until he or she was entitled to receive a share of the principal, that the whole of the *corpus* go to the charities which he had selected rather than to individuals who were strangers to his blood.

The language of the clause next above quoted appears to negative any idea of intestacy.

Our determination is that the complainant, as administrator of the estate of Marion E. Whitford, is not entitled to receive any portion of the estate of Silas B. Whitford.

On July 2, 1934, at 9 o'clock, a. m., the parties may present to this court a form of decree to be entered in the Superior Court.

*Ralph M. Greenlaw,* for complainant.

*Littlefield, Otis and Knowles, John C. Knowles,* for respondents.

*Tillinghast & Collins, James A. Tillinghast,* for Home for Aged Men & Aged Couples.